**Fransisco Yuani LOPEZ– GARCIA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–70162.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 06, 2009.

Edgardo Quintanilla, Quintanilla Law Firm, Inc., Sherman Oaks, CA, for Petitioner.

Craig Alan Newell, Jr., Esquire, Trial, Oil, Emily Anne Radford, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

R.App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Fransisco Yuani Lopez–Garcia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Ramos–Lopez v. Holder,* 563 F.3d 855, 858 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the IJ's finding that petitioner failed to demonstrate the single beating and threats he received from drug dealers established past persecution or a well-founded fear of future persecution on account of his membership in a particular social group. *See id.* at 861–862; *see also Ochoa v. Gonzales,* 406 F.3d 1166, 1170–71 (9th Cir.2005) (business owners in Colombia who rejected demands by drug traffickers to participate in illegal activity was too broad to qualify as a social group). Substantial evidence further supports the IJ's denial of asylum because petitioner failed to demonstrate the harms he suffered were committed by forces the Guatemalan government was unable or unwilling to control. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for with-

holding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

